**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Fred Smith, III, Appellant.

Appellate Case No. 2011-199107

Appeal From Cherokee County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2013-UP-443
Submitted October 1, 2013 – Filed November 27, 2013

**REVERSED**

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Matthew C. Buchanan, of the Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Counsel for appellant filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal and requesting permission to withdraw from further representation. The

Court denied the request to withdraw and directed the parties to file additional briefs.

After careful consideration of the record and briefs, the judgment of the lower court is reversed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Miller*, 404 S.C. 29, 37, 744 S.E.2d 532, 537 (2013) (holding probation cannot be tolled simply because a person is committed to the Department of Mental Health for mental health treatment as a sexually violent predator); *id.* at 37-38, 744 S.E.2d at 537 ("[T]olling of probation is appropriate where the authorities could not supervise the defendant due to the defendant's wrongful acts."); *id.* at 38, 744 S.E.2d at 537 ("[C]ivil commitment, whether in a drug treatment center, mental health clinic, or other facility, does not give rise to tolling, and it appears inconsistent to treat those under civil commitment in the [sexually violent predator treatment] program any differently in the absence of some legislative directive to do so.").

**REVERSED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.